# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1695

_____

| | | |
|---|---|---|
| Darel E. Luechtefeld, | * | |
| | * | |
| Plaintiff-Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Les Brownlee, Acting Secretary of | * | |
| the Army, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: December 13, 2004
Filed: January 18, 2005

_____

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

Appellant Darel Luechtefeld appeals from the district court's[1] grant of summary judgment for the defendant in this discrimination case brought under the Rehabilitation Act of 1973, as amended by the Rehabilitation Act Amendment of 1974, 29 U.S.C. § 794. This Act prohibits discrimination in federal employment based on disability. We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Luechtefeld sued the Department of the Army, for which he worked as a civilian computer programmer, for firing him because of his handicap of depression. Luechtefeld claims the Army failed to make reasonable accommodations, consisting of flexible work hours and occasional absences for three to six months, while he adjusted to new medication and recuperated from a serious bout of depression.

To prevail, Luechtefeld must make a prima facie case that he (1) has a covered disability, (2) is qualified to perform the essential functions of the job, with or without reasonable accommodations, and (3) suffered an adverse employment action. *Moysis v. DTG Datanet*, 278 F.3d 819, 824-25 (8th Cir. 2002). The district court held that Luechtefeld did not establish the second element of a prima facie case because, with or without reasonable accommodations he could not perform the essential functions of the job. The court held that the requested accommodation – flexible work hours and occasional absences for some months – was unreasonable as a matter of law.

On appeal, Luechtefeld challenges the district court's characterization of the requested accommodation, and the court's holding that the disputed request was unreasonable. We find it unnecessary to address this issue, however, because Luechtefeld nowhere addresses the vital question whether he was able to do the job, with or without accommodation.

The facts, taken in the light most favorable to Luechtefeld, are as follows: He received a discharge from the United States Marines in 1991 with a 30% disability rating because of his depression, which was first diagnosed in 1990 while he was in the Marines. In March of 2000 Luechtefeld was hired by the Army's Directorate of Information Management as a Computer Specialist. Luechtefeld was given a preference in hiring under the Veterans Readjustment Act (VRA). VRA appointments have a probationary period of one year and a trial period of two years.

Before being hired, Luechtefeld had gone six years (1994 - 2000) without a serious relapse. So his last serious relapse was four years after being diagnosed, and three years after being discharged from the Marines. In that time Luechtefeld had worked a variety of jobs, apparently satisfactorily. Having been hired in March 2000, Luechtefeld suffered a serious bout of depression in August 2000 and was hospitalized for at least a week. The effect of the depression left Luechtefeld often unmotivated (sometimes to the point of being unable to get out of bed) and to have difficulty focusing his mind on anything (and thus not being able to do his work of computer programming).

Luechtefeld returned to work in late August, not fully recovered, and adjusting to new medication. His work attendance was, of course, poor in August. Upon his return he was still absent too often. His attendance began improving in October and November. From December until his termination in March 2001 his attendance was not a significant problem. Apart from absences, Luechtefeld had a problem of reporting to work late. The problem with tardiness continued after the problem of day-long absences ended. From the time of Luechtefeld's return in August 2000 until his being fired in March 2001, Luechtefeld's work performance was substandard. His workload had been dramatically reduced, and his performance on that work was seriously deficient.

Luechtefeld was counseled four times concerning his performance, following his August hospitalization. Attendance was not discussed in the third and fourth sessions, in January and February 2001. The issue was Luechtefeld's failure to complete work at a satisfactory rate. The Army fired Luechtefeld in March 2001, a couple weeks before the one-year anniversary of his employment. Luechtefeld's supervisors admit that they thought Luechtefeld was employed on a one-year trial basis – not a two-year trial – and they would have given him at least another thirty to forty-five days if they had known he was on a two-year trial period.

On the record before us, and before the trial court at summary judgment, there is no evidence that further accommodations would have enabled Luechtefeld to perform the essential functions of his job. We are mindful that a depression handicap presents questions of performance and the reasonableness of requested accommodations differ than those presented by other handicaps. Here, the question is essentially how long the employer could reasonably be expected to permit absences or substandard performance.

The time from the onset of Luechtefeld's bout of depression in August 2000 to his firing in March 2001 was seven months. Throughout that time, Luechtefeld could not perform adequately, and the Army fired him because of deficient performance. No evidence in the record indicates whether or when Luechtefeld might regain his ability to work at a standard level, but it had already been seven months in which his work was deficient. However long the recuperation period would be, it appears undisputed that during that time Luechtefeld's work would be seriously deficient. Luechtefeld does not argue that flexible hours would have enabled him to perform the essential functions of his job.

The Army made generous and extensive accommodations, by way of leave time (including significant leave time donated to Luechtefeld by his co-workers, from their own earned leave), adjustment of work conditions, and decreased workload. As Luechtefeld notes, the Army would have been willing to give him another thirty to forty-five days, had it not mistakenly believed Luechtefeld would by then be a non-probationary employee (and thus harder to fire).

We sympathize with Luechtefeld and note the difficult dilemma that his condition creates for him in his efforts to hold down a job (which, of course, affects every other aspect of Luechtefeld's life – including his ability to obtain treatment for depression). Nonetheless, the law does not compel the Army to make further accommodations than it had made as of March 2001.

We affirm the district court's grant of summary judgment for appellee.

_____